IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WILLIAM EDWARD WILLIAMSON,**
    Petitioner,

vs.                                       Case No. 5:06cv239/RS/MD

**D. HAMILTON,**
    Respondent.

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as an unauthorized second or successive petition.  (Doc. 16).  Petitioner has responded. (Doc. 20).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application and that petitioner has failed to obtain an order in the appropriate court of appeals authorizing this court to consider the petition.  As such, this action should be dismissed.

    In this habeas action, petitioner challenges his 1988 conviction and sentence for capital sexual battery entered in the Circuit Court of Holmes County, Florida in Case Number 87-183.  (Doc. 1).  Petitioner states on the petition form that he previously filed a § 2254 petition in this court regarding the validity of his state court confinement.  (*Id.*, p. 3).

    The court takes judicial notice of its own records in *Williamson v. Singletary*, Case Number 5:94cv50274/LAC/SMN.  There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of conviction.  The petition was denied October 1, 1997.  (*Id.*, docs. 40, 42 and 43).  Petitioner appealed.

(*Id.*, doc. 44). The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denied petitioner's motion for certificate of appealability and dismissed his appeal. (*Id.*, docs. 57, 65; *see also* Doc. 16 of instant case at Ex. E).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart*, --- U.S. ---, 127 S.Ct. 793, 166 L.Ed.2d 628 (Jan. 9, 2007), *reh'g denied*, 127 S.Ct. 1394 ( Feb. 26, 2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition.[1] This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *Burton*, 127 S.Ct. at 796, 799 (district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case will be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 9th day of April, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] In his response to the motion to dismiss, petitioner does not deny that this is his second petition for which he has not sought, much less obtained, authorization to file. Rather, he argues that his petition should not be dismissed because: (1) DNA testing will prove that he is actually innocent, (2) he is relying on a new rule, Fla.R.Crim.P. 3.853, which was not known to him at the time he filed his prior petition, and (3) he is not asserting the same issues as in his prior petition. (Doc. 20).

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**